# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DON BOYD** | : | **DOCKET NO. 2:07-cv-374** |
| **VS.** | : | **JUDGE MINALDI** |
| **COUSHATTA POLICE DEPARTMENT, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## ORDER TO AMEND

Currently before the court is a civil action filed *in forma pauperis* by *pro se* plaintiff, Don Boyd. The plaintiff names the following defendants: (1) Coushatta Police Department; (2) Kinder Police Department; (3) Oberlin Police Department; (4) Doe Police Officer #1; (5) Doe Police Officer #2; (6) Doe Police Officer #3; (7) Doe Police Officer #4; (8) Doe Police Officer #5; (9) Doe Police Officer #6; (10) Doe Police Officer #7; (11) Doe Police Officer #8; (12) Coushatta Reservation; (13) Town of Kinder; (14) Town of Oberlin; (15) State of Louisiana; and (16) the United States of America.

The factual allegations of his complaint are very vague. It appears that the in February, 2006, the plaintiff and a friend, Patrick, drove from Atlanta, Georgia to Kinder, Louisiana. While staying at a hotel near the Coushatta casino in Kinder, the plaintiff and his companion had a disagreement which allegedly culminated in Patrick punching the plaintiff. Plaintiff called the police. Officers from the City of Kinder or the City of Oberlin, or the Coushatta Tribe responded to the plaintiff's call. Ultimately, it was determined that the plaintiff and his friend were staying in a hotel room which had not been paid for. The police officers allowed the plaintiff to retrieve his

luggage and leave the premises.  However, they allegedly tailgated plaintiff's car through the town of Oberlin in "a southern, good-ol'-boy escort of intimidation." Additionally, they did not question or arrest the plaintiff's friend.

Plaintiff returned to Georgia where he encountered Patrick while returning a key to Patrick's house.  Patrick allegedly punched the plaintiff again, and the plaintiff had a passerby call 911. The police arrived and further altercation was prevented.  Plaintiff then left Georgia via a Greyhound bus, headed for his own home State of South Carolina.

Plaintiff has filed this lawsuit seeking to be compensated for battery, assault, humiliation, false light, denial of medical attention, incitement, negligence, intentional infliction, negligent infliction, and civil rights violations.  He seeks to recover $7,000,000.00 in monetary damages.

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to review the complaint under 28 U.S.C. §1915 and to dismiss any claims which the court determines are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief.

Federal courts are courts of limited jurisdiction, and the grounds for jurisdiction must be present at the time that the action is filed and must be evident on the face of the complaint. Fed.R.Civ.P. Rule 8(a); 28 U.S.C. § 1330, *et seq*. The basis of this court's jurisdiction over these claims is unclear.

To the extent that the plaintiff names the United States of America, the State of Louisiana, the Coushatta Tribe, and the Coushatta Police Department, it is noted that these parties have sovereign immunity from suit in federal court and that they cannot be sued without their consent.

To state a claim under §1983, the plaintiff must show that he has suffered the deprivation of

2

a specific right secured by the Constitution of the United States and that the deprivation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988); *Leffall v. Dallas Independent School District,* 28 F.3d 521, 525 (5th Cir. 1994); *Resident Council  of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.,* 980 F.2d  1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993).  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *see Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).  Additionally, the plaintiff must allege facts which demonstrate that the defendants either personally participated in the act causing the alleged constitutional deprivation, or that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v.  Buffington*, 150 F.3d 538, 544 (5th Cir.  1998).

To the extent that the plaintiff names the Kinder Police Departmetn and the Oberlin Police Department, it is questionable whether these defendants have the legal capacity to be sued.[1] *See Batiste v. Bonin,*  2007 WL 1791219, *3 (W.D.La.,2007); *Dugas v. City of Breaux Bridge Police Dept.*, 757 So.2d 741, 743-744 (La.App. 3 Cir.2000).

Plaintiff has also named the Town of Oberlin and the Town of Kinder as defendants.  In a §1983 action, a municipality cannot be held liable under a theory of *respondeat superior*; rather,

---

[1]"The determination that must be made in each case is whether the entity can appropriately be regarded as an additional or separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 346-47 (La.1994).

liability must be based upon a municipality's official or unofficial policy, custom or procedure which causes a deprivation of plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Additionally, it is noted that liability can only be predicated on a policy established by an official whose acts or edicts may fairly be said to represent official policy of the municipality. *Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir. 1984), and on rehearing, 735 F.2d 861 (5th Cir. 1984). Thus, in the present case, it is incumbent upon plaintiff to allege that the Town of Oberlin or the Town of Kinder caused his injuries by way of an officially sanctioned custom, policy or procedure.

Lastly, this court has no jurisdiction over matters which occurred in Georgia as the alleged facts indicate that only non-Louisiana citizens were involved.

The court notes that a district court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999). Personal injury actions and civil rights actions are governed by Louisiana's one year prescriptive period. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984); *Lavellee v. Listi,* 611 F.2d 1129 (5th Cir. 1980).

Before this court determines the proper disposition of Plaintiff's claims, he should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Accordingly;

**THE CLERK IS DIRECTED** to serve Plaintiff with a copy of this Order.

**IT IS ORDERED** that Plaintiff amend his complaint within thirty (30) days of the filing of

4

this order to (1) make a short and plain statement of the grounds upon which this court's jurisdiction depends; (2) specifically identify the relief sought; and (3) allege specific facts in support of his claims against each named defendant which indicate that he is entitled to the relief sought, including the names of the parties who allegedly violated his rights, a description of what occurred, the place and date of the event giving rise to the claim, and a description of the alleged injury.  Alternatively, the plaintiff should dismiss any claim that he is unable to cure through amendment.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 20, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE