# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DON BOYD | : | DOCKET NO. 2:07-cv-0374 |
| VS. | : | JUDGE MINALDI |
| COUSHATTA POLICE DEPT., ET AL | : | MAGISTRATE JUDGE KAY |

## *REPORT AND RECOMMENDATION*

Before the court is a civil action, [Doc. 1], filed *in forma pauperis* by *pro se* plaintiff Don Boyd ("Plaintiff"). This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed hereinafter, it is recommended that the instant cause of action be DISMISSED as time-barred by the applicable statute of limitations.

## BACKGROUND

Plaintiff filed a complaint alleging abridgment of his civil rights in violation of 42 U.S.C. § 1983. [Doc. 1]. Plaintiff names the following defendants: (1) Coushatta Police Department; (2) Kinder Police Department; (3) Oberlin Police Department; (4) Doe Police Officer #1; (5) Doe Police Officer #2; (6) Doe Police Officer #3; (7) Doe Police Officer #4; (8) Doe Police Officer #5; (9) Doe Police Officer#6; (10) Doe Police Officer#7; (11) Doe Police Officer#8; (12) Coushatta Reservation; (13) Town of Kinder; (14) Town of Oberlin; (15) State of Louisiana; and (16) the United States of America. *Id*.

Plaintiff's allegations concern an extended automobile trip. In February, 2006, Plaintiff and a friend, Patrick Bartmess, drove from Atlanta, Georgia to Kinder, Louisiana. While staying

at a hotel near the Coushatta casino in Kinder, Plaintiff and his friend had a disagreement which allegedly culminated in Bartmess punching the plaintiff. Plaintiff called the police. Officers from the City of Kinder, or the City of Oberlin, or the Coushatta Tribe (the allegations are not clear in this regard) responded to Plaintiff's call. Ultimately, it was determined that Plaintiff and his friend were staying in a hotel room which had not been paid for. The police officers allowed Plaintiff to retrieve his luggage and leave the premises. However, they allegedly followed Plaintiff's car through the town of Oberlin in "a southern, good-ol'-boy escort of intimidation." *Id*. Plaintiff immediately left Louisiana, driving to another state without Bartmess.[1]

In his complaint, Plaintiff seeks compensation for battery, assault, humiliation, false light, denial of medical attention, incitement, negligence, intentional infliction, negligent infliction, and civil rights violations. He asks for $7,000,000.00 in monetary damages.

Because the factual allegations of the complaint are vague, the court ordered Plaintiff to amend his complaint to provide greater specificity lest his claims be dismissed in accordance with 28 U.S.C. § 1915. [Doc. 10]. Plaintiff submitted a "Memorandum" in which he cited case law, cited to his own complaint, but provided little by way of additional facts. [Doc 11]. In the concluding paragraph, Plaintiff contends that the text of the complaint itself "sets forth at least one factually-sufficient claim." *Id*. However, despite having been alerted that his claims were subject to dismissal if barred by the applicable statute of limitations [Doc. 10], Plaintiff provided no additional information by which to gauge the timeliness of his lawsuit.

## LAW AND ANALYSIS

In testing the sufficiency of a section 1983 complaint, the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would

---

[1] Plaintiff makes allegations of activities that occurred outside of the State of Louisiana. There is no indication that any named defendant participated in any activity outside of the State of Louisiana and therefore those allegations outside the State of Louisiana are not discussed.

2

entitle him to relief. *Watts v. Graves*, 720 F.2d 1416, 1418-19 (5th Cir. 1983). Although the court must view factual inferences favorably toward the nonmoving party and *pro se* complaints are entitled to liberal construction, a *pro se* litigant does not escape the essential burden of establishing that there is a genuine issue of material fact in order to avert summary judgment. *Oladipupo v. Austin*, 104 F. Supp. 2d 654, 657 (W.D. La. 2000) (citing *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990)).

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to review the complaint and to dismiss any claims which the court determines are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915. A court is authorized to dismiss a claim if the claims asserted are barred by the applicable statute of limitations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d). *Id.*

Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). In Louisiana, prescription (the "statute of limitations") for a claim of personal injury is one year. LSA-C.C. art. 3492.

Although plaintiff's complaint is very detailed, the dates within which he was located in the State of Louisiana are not totally clear. It appears from the complaint that plaintiff arrived in Louisiana on February 21, 2006 [Doc. 1, ¶¶ 22, 24] and he left either the night of February 23,

2006 or the morning of February 24, 2006 [Doc. 1, ¶¶ 82-83]. Thus, the last date upon which the allegedly actionable conduct could have occurred would be February 24, 2006.

Plaintiff's claim prescribed on or before February 24, 2007. The court takes judicial notice that February 24, 2007 was a Saturday. Therefore, Plaintiff was required to file his lawsuit by Monday, February 26, 2007. *See* FED. R. CIV. P. 6. Plaintiff's complaint was received and filed by the Clerk of Court on February 27, 2007. [Doc. 1].[2] The document was entered into the court's electronic filing system on March 1, 2007. *See* Civil Docket For Case # 07-cv-0374. Therefore, the complaint was untimely filed.

The court notes that Plaintiff's complaint is signed and dated January 29, 2006. There are no facts or averments in the record to explain this lapse of almost four weeks between signing and filing. However, even if the complaint was mailed or otherwise transmitted to the clerk on or before February 26, 2006, the filing would still be deemed untimely. Louisiana jurisprudence holds that a suit is filed when the petition is timely placed in the hands of the clerk of a court of competent jurisdiction for filing; mailing the petition to the clerk does not equate to filing. *Turner v. Marine Inland Transp. Co*., 946 So. 2d 185, 187 (La.App. 5 Cir. 2006); *Dubois v. Olympic Ins. Co.,* 231 So. 2d 714, 715-16 (La.App. 1970). Under Louisiana law, a plaintiff must prove that the petition was placed in the hands of the clerk for filing by a preponderance of the evidence. *Dubois*, 231 So. 2d at 716. Here, the preponderance of the evidence demonstrates that the complaint reached the clerk on February 27, 2006. Therefore, the instant action is time-barred by the applicable statute of limitations.

---

[2] The time stamp indicates February 28, 2008, but a clerk's office staff member lined through the "8" in the numeral "28" and replaced it with a handwritten "7" to indicate February 27, 2008.

## CONCLUSION

In accordance with the provisions of 28 U.S.C. § 1915, a district court may consider the applicable limitations period when reviewing *in forma pauperis* complaints. The applicable prescriptive period is one year. The undersigned finds that Plaintiff's cause of action accrued no later than February 24, 2006. Because February 24, 2007 was a Saturday, Plaintiff's complaint must have been filed by Monday, February 26, 2007 but it was not received by the clerk until February 27, 2007, one day after the applicable one-year period of prescription.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint [Doc. 1] be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of July, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE